IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,                               6:21–CR–00366–MC

       v.                                     OPINION AND ORDER

ANTHONY WAYNE SMITH,

        Defendant.

_____

MCSHANE, Judge:

        Defendant Anthony Wayne Smith moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons stated below, the motion is DENIED.

**BACKGROUND**

        On June 13, 2023, Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute over 500 grams of a mixture or substance containing a detectible amount of methamphetamine. Def.'s Change of Plea, ECF No. 285. Defendant was a stash house

1 – OPINION AND ORDER

operator and mid-level distributor for a Drug Trafficking Organization run by Juan Martinez-Gil and based the area of Klamath Falls, Oregon. Plea Agreement at 2, ECF No. 288. In June of 2021, Juan Martinez-Gil delivered four pounds of methamphetamine to Defendant. The following month Defendant delivered approximately 215 grams of methamphetamine to co-defendant Bryce Stewart. *Id.* In August of 2021, Defendant was given roughly a pound of methamphetamine and instructed by Martinez-Gil to distribute it to co-defendant Katherine O'Brien. *Id.* Defendant distributed half a pound to co-defendant O'Brien, which law enforcement later seized. Law enforcement seized the other half-pound directly from Defendant. *Id.* Following his guilty plea before Magistrate Judge Clarke, the Defendant was sentenced by this court to sixty months in prison. Def.'s Change of Plea.

Defendant now moves to vacate or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. Defendant asserts that his attorney improperly advised him of the charges to which he was pleading, and failed to advance arguments on the basis of updated sentencing guidelines provisions in order to secure probation. Def.'s Mot. to Vacate Sentence.

## **STANDARDS**

A prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

2 – OPINION AND ORDER

**DISCUSSION**

Defendant alleges that he received ineffective assistance of counsel on two grounds: (1) defense counsel assured him that he was pleading to 50 grams of methamphetamine, not 500 grams; and (2) defense counsel failed to advocate for probation and invoke amended sentencing guidelines provisions. Def.'s Mot. to Vacate Sentence at 5-8.

To establish a claim of ineffective assistance of counsel, Defendant must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). The Court must indulge a strong presumption that the lawyer's performance falls within the "wide range of reasonable professional assistance." *Id.* at 689. Prejudice can only be established if Defendant can show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A. **Improper Guidance**

Defendant argues that counsel assured him that he was pleading to a count alleging distribution of 50 grams of methamphetamine, not 500 grams. Def.'s Mot. to Vacate Sentence at 5. Defendant insists that he never would have pled to distributing 500 grams, and that was relying solely on the representations of his attorney in making his plea. *Id.*

In general, defendants can challenge the validity of a guilty pleas on the basis of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In such a circumstance, a guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* If a defendant pleads guilty on the advice of counsel, the plea's voluntariness "depends on whether counsel's advice was 'within the range of

3 – OPINION AND ORDER

competence demanded of attorneys in criminal cases.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Here, all the evidence suggests that Defendant knowingly and voluntarily entered into a guilty plea to a count alleging a conspiracy to distribute more than 500 grams of methamphetamine. There is no evidence to suggest—and Defendant does not argue—that he cannot read or understand the English language, an assumption that his attorney reasonably made. The plea agreement that Defendant signed clearly states that he was pleading to 500 grams of methamphetamine:

> Beginning sometime after August 1, 2019, defendant agreed to assist codefendants Juan Jessie Martinez-Gil, Katherine Desiree O'Brien, Bryce Allen Stewart, and others in the distribution of more than 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine in the Klamath Falls, Oregon area.

Plea Agreement at 2. Defendant's signed plea petition also explains his guilty plea:

> I did knowingly and willfully combine, conspire, confederate and agree together, with each other, and with diverse other persons whose names are to the grand jury known and unknown, to possess with intent to distribute, and to distribute, 500 grams or more of mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance[.]

Plea Petition and Order Entering Plea at 2. Furthermore, during Defendant's plea hearing in front of Judge Clarke, the prosecution read aloud the charges to which Defendant was pleading. Defendant verbally affirmed that he understood these charges and intended to plead guilty to them.

Defendant repeatedly affirmed that he was pleading to 500 grams of methamphetamine, and there is no evidence suggesting that he could not understand written in verbal English, or that he was somehow incapacitated while pleading guilty. Defendant fails to show that he was given ineffective assistance of counsel in entering his guilty plea.

### B. Possibility of Probation

Defendant also argues that counsel was deficient in failing to advocate for probation. Defendant asserts that the amended sentencing guidelines of 2023 allow for mandatory minimums to be lifted, thereby making Defendant eligible for probation. However, Defendant acknowledges in his motion that he had a criminal history point. Def.'s Mot. to Vacate Sentence at 8. This makes him ineligible for the amended downward adjustment. USSG § 4C1.1. However, Defendant was safety valve eligible, which permitted the court to disregard mandatory minimums. In this case, the Court declined to grant probation because of Defendant's record and his pre-trail release conduct, which included twenty-five positive drug tests. The Court found, based on Defendant's guideline calculation, that Defendant's advisory guideline range was 78-87 months. PSR at 1. The Court ultimately sentenced Mr. Smith to 60 months. Defendant does not show that counsel was deficient in failing to raise probation arguments.

### C. Whether Defendant Plead to Fentanyl

Defendant argues that he did not plead guilty to any charges related to fentanyl, and the government agrees that the inclusion of fentanyl in the judgment is contrary to the intended agreement of the parties and what is written in the plea agreement. Plea Agreement at 1 ("Defendant agrees to plead guilty to Count One of the Indictment, which charges Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841 (a)(1), (b)(1)(A)(viii), and 846."). The Court will enter an amended judgement striking the reference to fentanyl. This does not, however, rise to the level of an ineffective assistance of counsel claim, nor does it change the terms of Defendant's sentence.

**CONCLUSION**

For the foregoing reasons, Defendant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED. The judgment will be amended to remove the mistaken inclusion of fentanyl.

IT IS SO ORDERED.

DATED this 27th day of August, 2024.

                                      /s/ Michael J. McShane
                                      MICHAEL J. MCSHANE
                                      U.S. District Judge